EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. State Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephones:    (213) 894-4242
     Facsimile:     (213) 894-3713
     E-mail:   Christopher.brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 06-283-RGK |
| --- | --- |
| Plaintiff, | 14-430-RGK |
| v. | UNITED STATES' POSITION RE: SENTENCING OF DEFENDANT WINSTON HANJI PARK |
| WINSTON HANJI PARK, et al., | |
| Defendants. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its position regarding sentencing as to defendant Winston Hanji Park for violations of the terms and conditions of defendant's supervised release.

   The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and

//

//

records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: January 25, 2016          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


  */S/Christopher Brunwin*
CHRISTOPHER BRUNWIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND**

On February 21, 2007, defendant pled guilty to Counts One and Twenty-Two of the Indictment, which charged him and others with having conspired to distribute methamphetamine and cocaine, in violation of Title 21 of the United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) and (B), and with Possession with the Intent to Distribute Cocaine, in violation of Title 21 of the United States Code, Section 841(a)(1) and 841(b)(1)(B). *See* Pre-Sentence Investigation Report ("PSR"), ¶¶ 1-7 (*United States v. Winston Hanji Park, et al.*, CR 06-283-RGK). As part of his plea, defendant admitted that he conspired with co-defendant and Highland Park ("HLP") gang leader Richard "Droopy" Gastelum to distribute more than 500 grams of cocaine, and, in fact, on October 31, 2005, defendant was caught with one kilogram of cocaine, which he had obtained from Gastelum. PSR ¶¶ 11-18. On September 19, 2007, defendant was sentenced to 5 years of imprisonment and 5 years of supervised release for his crimes. *See* Judgment and Commitment (CR 903).

Less than 2 years later, while incarcerated in Atwater Federal Penitentiary, defendant was caught with heroin. *See* Indictment, *United States v. Winston Park*, CR 10-119-AWI (E.D. Cal.). On February 28, 2011, he pled guilty to that charge, and on May 9, 2011, he was sentenced in the Eastern District of California to 2 years in custody and 3 years of supervised release, consecutive to the sentence imposed in the Central District of California. Judgment, *United States v. Winston Park*, CR 10-119-AWI (E.D. Cal.) (CR 20). Defendant began his supervised release on March 22, 2013,

1

and his supervision was transferred to the Central District of California on July 23, 2014.  *See* Transfer of Jurisdiction, *United States v. Winston Hanji Park*, CR 14-430-RGK (CR 1).

Within a year, defendant was arrested for evading a peace officer and driving in a reckless manner, in violation of Section 2800.2(a) of the California Vehicle Code, and for possession/transportation of marijuana for sales, in violation of Section 11359 of the California Health and Safety Code.  Violation Report, at 2.  He pled *nolo contendere* to those charges on August 19, 2015.  *Id*.

The United States Probation Office submitted its petition on the supervised release violations on about September 22, 2015, and defendant admitted the violations on October 26, 2015.  *See* Violation Report, dated September 22, 2015.

**II.   THE GOVERNMENT'S RECOMMENDATION**

The applicable imprisonment range for this Grade A violation, based on defendant's criminal history category V, is 30 to 37 months.  There are no facts in this case to argue in favor of a sentence below the applicable range.  The facts of this case are only aggravating.

It is clear that defendant has not reformed from the crimes which led to, and in fact preceded, his indictment in 2006.  Instead, the same conduct, involving narcotics and disregard for the law and the well-being of others, has continued essentially unabated despite his incarceration and, again, within months of the initiation of his supervised release.  He has not reformed, and he continues to put the public at risk by his crimes.  For his part, defendant submitted 10 factors for the District Court to consider as

mitigation, but they do not help him.  In essence, they point only to conduct that would be expected as part of his supervised release. Thus, he urges the court to consider, first, that he "accepted responsibility for his action by admitting the admitting the allegations in the instant Petition."  Defendant's Sentencing Memorandum, at 2.  Again, he would be expected to do that much (although he apparently only pled "no contest" in state court).  He next asserts that he is "suffering a punishment of 32 months in state prison." *Id.*  However, he also acknowledges that he will only serve half of his state sentence, whatever sentence that might prove to be.  He also asserts that he "did not cause injury or property damage in the underlying state incident," which does not appear accurate, since he was convicted of "driving in willful or wanton disregard for safety of persons or property while fleeing from pursuing police officer." Violation Report, at 2.  Moreover, his recurring intention and efforts to distribute controlled substances, as he has done and been convicted of doing before, cause substantial harm to the community.  Ultimately, he has not been deterred from continuing to sell drugs.  Defendant also asserts that he has not committed additional violations and that he is employed, both of which, if true, are merely conditions of his supervised release. They do not mitigate his violations.  The remaining items, also, do not identify any actual factor for mitigation.  It is regrettable that this defendant does not consider the impact of his crimes on the life of his 4 month old child, but it is unfortunately very clear that he continues to commit crimes, including distributing drugs and evading police officers, without regard for his own child or anyone else's children.  Defendant also asserts that he has made

3

"great strides in overcoming his drug addiction issues." Defendant's Sentencing Memorandum, at 3. The statement is itself absurd and refuted by the facts, since there is no argument by which one may reason that dealing drugs, even to others, should credibly be considered "making great strides" in addressing "his drug addiction issues."

Defendant has not identified any actual mitigating factors in this case, and the government submits that the facts at issueare only aggravating, particularly where the defendant has demonstrated that he will not be deterred from committing the same drug-trafficking crimes, despite years of incarceration and supervised release and the danger to the public demonstrated by his repeated offenses. Under these circumstances, a sentence within the applicable range is appropriate and, of itself, would credit any legitimate mitigating factors that might exist for the defendant.

**III. CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court sentence defendant within the applicable range of 30 to 37 months.